■ In the Matter of MARIA CHAFFARDET, Petitioner, v BARBARA BLUM as Commissioner of New York State Department of Social Services, et al., Respondents. — Decision of the Commissioner of the New York State Department of Social Services, dated March 26, 1981, affirming after fair hearing a determination of the New York City Department of Social Services ("the Agency") rejecting petitioner's application for public assistance benefits in the Aid to Dependent Children category, unanimously annulled on the law and the facts, without costs or disbursements; petitioner's application granted and the proceeding remanded to the Agency with a direction to make the appropriate computation and payment. Petitioner has received public assistance for herself and her child since January 27, 1981 based upon an application made in

January, 1981. In this proceeding she seeks a retroactive grant of assistance for the period November 24, 1980 to January 27, 1981 based upon an application made November 24, 1980. At the time of her application, petitioner was 18 years of age, unmarried, and six months pregnant. In early October, 1980 she had lost her job when the company for which she had been working went out of business. She was living in an apartment which she had shared with her mother, until her mother's death on November 19, 1980. On December 2, when she appeared at the Agency for a required eligibility interview, she was given a list of information required to determine her eligibility for public assistance, to be furnished by December 15. She provided some of the information by the due date. However, the Agency concluded she had failed to furnish (1) the requisite proof of ownership of the house in which she resided, (2) a termination letter from her former employer, and (3) a letter from a person willing to pay any excess rent for her residence. The Agency concluded she had failed to establish her eligibility for public assistance. On January 14, 1981 she requested a fair hearing. At the hearing on February 10, it appeared that (1) petitioner had provided the Agency with a copy of the lease on the apartment which she continued to occupy after her mother's death, although the lease had expired on April 15, 1980, eight months prior to the December deadline; (2) in October, 1980 a letter of termination from her employer, which had since gone out of business, had been filed with the Agency in connection with a prior application for assistance; and (3) there was no need for excess rent payments because she had decided to move into her sister's apartment, and had done so with the consent of the Agency on December 20, 1980 because she could not pay the arrears due on her mother's apartment. In our view, the decision after fair hearing, affirming the Agency's determination denying eligibility, was arbitrary and capricious and is not supported by substantial evidence. Although eligibility for Aid to Dependent Children may be conditioned upon only two criteria, need and dependency, the Agency is entitled to request information which will assist it in its determination of eligibility for public assistance and in its provision of that assistance (Social Services Law, § 132, subd 1). The applicable regulations for determining eligibility for Aid to Dependent Children state: "Applications are denied and not accepted for assistance when * * * (ii) Ineligibility is determined in the course of or upon completion of the investigation, or if the applicant refuses to comply with any requirement essential to the determination of eligibility." (18 NYCRR 351.8 [a] [2].) Contrary to the contention of petitioner, the information sought by the Agency was plainly pertinent to establish need and dependency. However, there was substantial evidence establishing such need and dependency in compliance with the Agency's requirements. It is undisputed that the job termination letter was in the Agency's files. Although petitioner sought out her prior employer and procured an additional letter in support of her subsequent January application, it cannot be said that the Agency could fairly close its eyes and ignore its own files. The recently expired lease was at least presumptive evidence of ownership of the building in which petitioner resided at the time of her application. It·is no answer to say that there may have been a change in ownership. Even a current lease would not necessarily be determinative of current ownership. Although ordinarily a letter from someone willing to pay the excess rent is necessary where the rent exceeds the amount of public assistance petitioner is to receive, it was plain here that petitioner would have to move because of the arrears. She advised the Agency that she would move into her sister's apartment so no excess rent would be required, and the Agency consented to such move within five days of the due date. Although the Agency was entitled to the documentation which it requested,

sufficient was submitted to establish dependency and need and compliance with the Agency requirements. A rigid adherence to the literal language of the inquiry was not warranted. In the face of the substantial evidence submitted, the determination of the Agency in denying petitioner's application and the decision of the commissioner after fair hearing were arbitrary and capricious and not supported by substantial evidence. Eligibility was established. Concur — Murphy, P. J., Ross, Silverman, Fein and Asch, JJ.